**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br>Donna Marie Anderson, aka Donna Lightfoot,<br>    Debtor.<br>_____<br>DT Acceptance Corporation,<br>    Appellant,<br>  v.<br>S. William Manera, Chapter 7 Trustee,<br>    Appellee. | No. CV 06-2410-PHX-JAT<br><br>(Bankruptcy Case No. 2:05-bk-23704-GBN)<br><br>**ORDER** |

Pending before the Court is DT Acceptance Corporation's appeal from the bankruptcy court's decision to allow the Trustee to avoid its lien (Doc. # 5).

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Appellant DriveTime Automotive Group, Inc. ("DriveTime") finances the sale of used vehicles through its subsidiary DT Acceptance Corporation ("DT"). Donna M. Anderson purchased a 2003 Chevrolet Cavalier from a DriveTime dealership on September 17, 2005. In exchange for financing for the car, Ms. Anderson granted a security interest in the car to DT. DT, using the "Service Arizona " system, registered the transaction and generated a temporary plate and registration for the car. Ms. Anderson drove the car off the dealership lot that day.

On September 27, 2005, the DT title processing department assembled a title application packet, which it submitted, along with a check, to the Tempe Motor Vehicle Department. The Tempe MVD did not endorse the title application at that time. On October

10, 2005, the Tempe MVD notified DT that the MVD would not complete the processing of the application until Ms. Anderson satisfied an outstanding fine of $50.00 owed to the Arizona Department of Transportation. DT issued a larger check to cover the deficit and resubmitted the application package to the MVD on October 13, 2005. On or about October 14, 2005, Ms. Anderson filed a Chapter 7 petition, initiating the underlying bankruptcy case. The Tempe MVD endorsed the title application on October 19, 2005, noting Ms. Anderson as the new owner of the car and reflecting DT's lien.

In the bankruptcy case, the Chapter 7 Trustee sought to avoid the DT lien on Ms. Anderson's car pursuant to 11 U.S.C. §544. The Trustee argued that the estate had a superior lien because DT did not perfect its interest in the car until after Ms. Anderson filed for bankruptcy. The bankruptcy court granted the Trustee's summary judgment, finding DT's security interest in the car was not perfected until October 19. DT appeals from the bankruptcy court's denial of its motion for summary judgment and the grant of the Trustee's motion for summary judgment.

**II.   STANDARD OF REVIEW AND ANALYSIS**

**A.   Standard of Review**

The Court has jurisdiction over this case pursuant to 28 U.S.C.A. § 158(a), which provides that "district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1). This Court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and conclusions of law *de novo*. *In re Lazar*, 83 F.3d 306, 308 (9th Cir. 1996).

**B.   Analysis**

DT makes essentially three arguments on appeal. First, DT argues the bankruptcy court erred in finding that DT's security interest in the car was not perfected until the date the MVD endorsed the title. DT contends that it perfected its interest on September 27, 2005,

1  when it orginally filed the application for title. Second, DT claims the bankruptcy court erred
2  in failing to limit under 11 U.S.C. §546(b)(1)(A) the Trustee's strong-arm powers. Third, DT
3  argues its perfection of the security interest in the car fell under an exception to the automatic
4  stay rule.

**1. Trustee's Strong Arm Powers and Date of Perfection**

A trustee's strong arm powers generally enable the trustee to avoid a security interest that a creditor has not perfected pre-petition. *In re Commercial Money Ctr.*, 350 B.R. 465, 474 (B.A.P. 9th Cir. 2006) (citing 11 U.S.C. §544). If the creditor has not perfected its interest pre-petition, and if no exception to the automatic stay applies, then the court should allow the trustee to avoid the credit's lien pursuant to 11 U.S.C. §544(a). *See In re Lockridge*, 303 B.R. 449, 452, 456-57 (Bankr. D. Ariz. 2003). The law of the state whose certificate of title covers the car governs perfection. *In re North*, 310 B.R. 152, 157-58 (Bankr. D. Ariz. 2004). Because Ms. Anderson titled her car in Arizona, the Court looks to Arizona law to determine the date of perfection.

In Arizona, a perfected security interest in a vehicle will not arise until the lien appears on the certificate of title. *First Nat'l Bank of Arizona v. Carbajal*, 645 P.2d 778, 781 (Ariz. 1982). Failure to comply with the titling requirements prevents a party from obtaining a superior interest in the vehicle. *Id*. Arizona courts will strictly apply the perfection requirements even in the face of harsh results. *See Noble v. Bonnett*, 577 P.2d 248, 250 (Ariz. 1978).

Arizona Revised Statutes §28-2133(B) provides that the issuance of a new certificate of title indicating a lien serves as constructive notice to creditors of the owner or to subsequent purchasers of all liens and encumbrances against the vehicle. Constructive notice occurs either at the time of the execution of the security agreements, "if the documents referred to in this article are received *and filed* in a registering office of the department [of motor vehicles] within ten days after the date of their execution. . . . Otherwise, the notice dates from the time of receipt and *filing* of the documents by the department as shown by its

- 3 -

endorsement." A.R.S. §28-2133(B) (emphasis added). "In short, Arizona law provides that a lien against a motor vehicle is perfected upon the filing of an application for a new title reflecting that lien, *determined by the MVD's date and hour of endorsement stamped on the application.*" *In re North*, 310 B.R. at 160 (emphasis added).

The Trustee argues that DT did not perfect its security interest in the vehicle until October 19, 2005, the date the MVD endorsed the title application. DT claims it perfected its interest on September 27, 2005, the day it first filed an application for title. The bankruptcy court agreed with the Trustee; and this Court affirms.

DT urges the Court to look at the date it filed its application for title rather than the date the MVD endorsed the application. DT relies on both *Fidelity Fin. Serv., Inc. v. Fink*, 522 U.S. 211 (1998) and *In re Loken*, 175 B.R. 56 (B.A.P. 9th Cir. 1994) to support its position. The Court finds DT's reliance on those cases misplaced.

The Supreme Court in *Fink* did state that a transfer is perfected for purposes of 11 U.S.C. §547(e)(1)(B) when the "secured party had done all the acts required to perfect its interest, not at the moment as of which state law may retroactively deem that perfection effective." 522 U.S. at 216.[1] But DT fails to mention that earlier in the opinion, the Supreme Court noted:

> Whether the mailing was sufficient to perfect the interest is an issue of state law not raised by this case. In speaking below of acts necessary to perfect a security interest under state law, we mean whatever acts must be done to effect perfection under the terms of the applicable state statute, whether those be acts of a creditor or acts of a governmental employee delivering or responding to a creditors application. As will be seen, the time within which those acts must be done is governed by federal, not state, law, when the issue is the voidability of a preferences under the Bankruptcy Code.

*Fink*, 522 U.S. at 213 n.1. This note clearly indicates that the last act for perfection could be

---

[1] In *Fink*, the Supreme Court resolved a conflict in the circuits regarding whether a creditor has longer than the 20 days provided by the Bankruptcy Code to perfect its interest if a state allows a longer grace period.

- 4 -

1 the state government's response to an application, not the filing of the application itself.

2 Although *In re Loken* involved the timing of perfection of a security interest under
3 Oregon law, it did not address the issue presented here. Nothing in the *In re Loken* opinion
4 indicates that the date of the filing of the application for title differed from the date the MVD
5 marked the application. The opinion assumes both those events occurred on the same date.
6 *In re Loken*, 175 B.R. at 63. Further, while the opinion does contain language regarding
7 perfection occurring upon the last act necessary by the creditor, it also, at times, refers to the
8 MVD's mark on the application as the last step necessary for perfection. *Id.* at 61, 62
9 (stating, "Under this definition, Romania's security interest was perfected when the
10 application for notation was marked by the DMV" and "If everything is in order, 'the security
11 interest is perfected as of the date marked by the [DMV] on the application.'"). The Court
12 disagrees with DT that *In re Loken* dictates that perfection occurred when DT took the last
13 step it needed to take to perfect its interest, i.e., filing the title application, rather than when
14 the MVD endorsed the application. Neither *In re Loken* nor *Fink* decided that issue.

15 The Court finds the Arizona statutory language clear. A creditor cannot perfect its
16 security interest in a vehicle until the MVD endorses the application for title. The Court
17 realizes this bright-line rule causes harsh results in cases like the one here, but bright-line
18 rules also promote certainty and judicial efficiency.

19 **2. Relation-back**

20 DT argues that even if perfection did not occur until the MVD endorsed the
21 application, the limitations of 11 U.S.C. §546(b)(1) prevents the Trustee from exercising his
22 strong arm powers to avoid the lien. The "Limitations on Avoiding Powers" section of the
23 Bankruptcy Code provides in pertinent part: "The rights and powers of a trustee under section
24 544, 545, and 549 of this title are subject to any generally applicable law that - - (A) permits
25 perfection of an interest in property to be effective against an entity that acquires the rights
26 in such property before the date of perfection." 11 U.S.C. §546(b)(1). This section limits
27 a trustee's §544 strong arm powers. *Fink*, 522 U.S. at 217.

28

- 5 -

1   DT contends that the relation-back provision of A.R.S. §28-2133(B) is a generally applicable law as described in 11 U.S.C. §546(b)(1) that allows perfection of an interest in property "to be effective against an entity that acquires the rights in such property before the date of perfection" and accordingly limits the Trustee's avoidance powers. DT claims A.R.S. §28-2133(B) saves its attempt to perfect its interest in Ms. Anderson's car. DT argues that, under A.R.S. §28-2133(B), the date of perfection relates back to the execution of the security documents as long as the creditor delivers its application for title within ten days of the execution. DT urges an unreasonable interpretation of A.R.S. §28-2133(B).

A.R.S. §28-2133(B) does provide that perfection dates back to execution of the security agreements "if the documents referred in this article are received and filed in a registering office of the department [of motor vehicles] within ten days after the date of their execution. . . ." That portion of the statute, however, must be read in conjunction with the next sentence, "Otherwise, the notice dates from the time of receipt and filing of the documents by the department *as shown by its endorsement*." A.R.S. §28-2133(B) (emphasis added). DT would have the Court read the word "filed" out of the former sentence. It is not sufficient that the MVD receive the application, it must also file it. As the latter sentence provides, filing occurs when the MVD endorses the application. The perfection of a security interest therefore relates back to the execution of the security agreements only if the MVD endorses the application within ten days of the execution.

### 3. Relief from the Automatic Stay

DT argues the bankruptcy court erred in finding the post-petition perfection of its lien void because the perfection violated the automatic stay. In general, transfers, including perfections of security interests, that violate the automatic stay are void. *40235 Washington St. Corp. v. Lusardi*, 329 F.3d 1076, 1080 (9th Cir. 2003). But 11 U.S.C. §362(b)(3) provides an exception. The filing of a bankruptcy petition does not operate as a stay "of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b)." 11

1  U.S.C. §362(b)(3).

2        The Court has determined already that in Arizona perfection does not relate back to
3  execution of the security agreements unless the MVD endorses the title application within
4  ten days of execution. The MVD did not endorse DT's application until over thirty days after
5  DT and Ms. Anderson executed the security agreements. Thus, §546(b)(1) does not limit
6  the Trustee's strong arm powers in this case. Because the Trustee's powers are not subject
7  §546(b)(1), the exception to the automatic stay does not apply. The bankruptcy court
8  correctly held DT's post-petition perfection was void because it violated the automatic stay.
9        Accordingly,
10       IT IS ORDERED AFFIRMING the decision of the bankruptcy court.
11       IT IS FURTHER ORDERED that this Order shall serve as the mandate in this case.

13 DATED this 25th day of June, 2007.

_____
James A. Teilborg
United States District Judge

- 7 -